**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

THOMAS A. HOLDSWORTH,

      Plaintiff - Appellant,

vs.

LINDA L. STONEBURNER,

      Defendant - Appellee.

No. 97-1199
(D.C. No. 95-Z-2508)
(D.Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.[**]

Mr. Holdsworth, appearing pro se and in forma pauperis, appeals from the

dismissal of his action for compensatory damages against an official of the Social

Security Administration (SSA). The district court dismissed the action for failure

to exhaust administrative remedies, see I R. doc. 9, and then denied

reconsideration, noting that the action had become moot because Mr. Holdsworth

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

had obtained relief from SSA, <u>see</u> I R. doc. 22.  On appeal, Mr. Holdsworth contends that the district court should have considered his claim for compensatory damages arising from the SSA's initial denial of his application for certain benefits.  Even assuming that this claim was before the district court, such relief is barred.  <u>See   Schweiker v. Chilicky</u>, 487 U.S. 412, 428-29 (1988); <u>see also</u> 42 U.S.C. §§ 405(g) & (h).  Nor are damages available under § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).  <u>See</u> <u>Lane v. Pena</u>, 116 S. Ct. 2092, 2097 (1996).

AFFIRMED.  Defendant-Appellee's motion to strike the names of parties not named below from the caption of Mr. Holdsworth's opening brief is GRANTED.  The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge